IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DAVID REEVES, | : |
| Petitioner | : |
| VS. | : |
| | : NO. 5:14-CV-0334-MTT-MSH |
| Judge CHARLES H. WEIGLE, | : |
| Respondent | : |

_____

## ORDER

Petitioner **DAVID REEVES**, a state prisoner currently confined at the Wheeler Correctional Facility in Alamo, Georgia, has filed a *pro se* "Petition for Writ of Mandamus" and has also moved for leave to proceed *in forma pauperis* (Doc. 2). The Court has conducted a preliminary review of the Petition and finds that, even when liberally construed, the pleading does not state a legitimate claim for mandamus relief. The Petition for Writ of Mandamus is thus **DISMISSED**; and Petitioner's Motion to Proceed *in forma pauperis* shall be **GRANTED** only for the purpose of this dismissal.

## STANDARD OF REVIEW

When conducting a preliminary screening of a *pro se* pleading, the district court must accept all factual allegations in the pleading as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings, like the one in this case, are also "held to a less stringent standard than pleadings drafted by attorneys" and must be "liberally

construed" by the court.  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).  A prisoner's pleading is, however, still subject to dismissal prior to service if the court finds that the pleading –when viewed liberally and in the light most favorable to the plaintiff – is frivolous or malicious, seeks relief from an immune defendant, or fails to state a claim.  *See* 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e).

## DISCUSSION

Through the present action, Petitioner asks this Court to issue a writ of mandamus requiring United States Magistrate Judge Charles H. Weigle to rule, immediately, on his application for habeas relief and/or the motion to dismiss currently pending in that case, *Reeves v. Owens*, 5:14-cv-048-WLS.

Petitioner is correct that "[u]nder 28 U.S.C. § 1361, otherwise known as The Mandamus Act, the district court has original jurisdiction over a mandamus action 'to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the [petitioner].'" *Cash v. Barnhart*, 327 F.3d 1252, 1257 (11th Cir. 2003) (quoting 28 U.S.C. § 1361).  This Court, however, does not have jurisdiction to issue the writ Petitioner requests.  The powers granted under 28 U.S.C. § 1361 extend only to mandamus actions filed against officers and employees of the executive branch. *Trackwell v. U.S. Government*, 472 F.3d 1242, 1246-47 (10th Cir. 2007).  *See also, Liberation News Service v. Eastland*, 426 F.2d 1379, (2nd Cir. 1970) ("in enacting § 1361 . . . , Congress was thinking solely in terms of the executive branch).  The Act does not grant a district court authority to issue writs against its judicial officers or other federal

courts.[1] *Trackwell*, 472 F.3d at 1246.   This Court thus cannot compel action in a case currently before another district court.

Even if the Court did have authority to compel the action requested, mandamus is "an extraordinary remedy which should be utilized only in the clearest and most compelling of cases." *Cash*, 327 F.3d at 1257.   It is available "only . . . when no other adequate means are available to remedy a clear usurpation of power or abuse of discretion." *Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1004 (11th Cir. 1997) (quotation marks and citation omitted).   A petitioner must show that (1) he has "a clear right to the relief requested"; (2) the government official "has a clear duty to act"; and (3) "no other adequate remedy [is] available." *Cash*, 327 F.3d at 1258 (quoting *Jones v. Alexander*, 609 F.2d 778, 781 (5th Cir. 1980)).

In his request for mandamus, Petitioner contends that Judge Weigle has unlawfully neglected to rule on his habeas application and the pending motion within the thirty-day period prescribed by federal law.   Petitioner, however, has no clear right to a ruling on his habeas petition within in thirty days of filing.[2]   Although federal law does require a swift, flexible, and summary determination of habeas claims, *see* 28 U.S.C. § 2243; *Preiser v. Rodriguez*, 411 U.S. 475, 495, 93 S.Ct. 1827, 1839, 36 L.Ed.2d 439 (1973), nothing in Petitioner's pleading suggests that Judge Weigle has allowed his

---

[1] To the extent that mandamus may be issued against a judicial officer or court, that authority is only vested in the appellate courts.   A writ of mandamus can, for example, issue from an appellate court to direct the district court to "correct a clear abuse of discretion or the failure to carry out a ministerial task."   *See Armstrong v. Martin Marietta Corp.*, 138 F.3d 1374, 1385 (11th Cir. 1998), cert. denied 525 U.S. 1019, 119 S.Ct. 545, 142 L.E.2d 453 (1998). "For a district court to issue a writ of mandamus against an equal or higher court would be remarkable." *Trackwell*, 472 F.3d at 1246.

[2] Cases cited by Petitioner address rights guaranteed by the Speedy Trial Act, 18 U.S.C. § 3161. Speedy trial restrictions apply only in criminal cases and thus have no application in a civil action for habeas relief.

habeas case to languish; nor does there otherwise appear to have been any unreasonable or abusive delay in the review of his habeas petition.[3]  *See In re Williams*, 408 F. App'x 561, 561 (3rd Cir. 2010) (holding that a delay of only a few months after prisoner filed habeas petition did not constitute such undue delay as to warrant mandamus relief); *MacKenzie v. California Atty. Gen.*, CV 12–00432, 2013 WL 3872114, at *3 (March 12, 2013) ("delays of four months or more in ruling on a ripe habeas petition—and a full year in at least one case—did not rise to the level necessary to trigger the extraordinary remedy of mandamus") (citing *Madden v. Myers*, 102 F.3d 74, 79 (3d Cir. 1996) (eight months of inaction on motions not sufficient to compel mandamus)). Petitioner's pleading thus does not state a claim for mandamus relief.

## CONCLUSION

The Petition for Writ of Mandamus (Doc. 1) is accordingly **DISMISSED**.

**SO ORDERED**, this 8th day of October, 2014.

> **S/ Marc T. Treadwell**
> MARC T. TREADWELL, JUDGE
> UNITED STATES DISTRICT COURT

jlr

---

[3] A review of court records on the U.S. District Web PACER Docket Report shows that Petitioner filed a habeas petition under 28 U.S.C. § 2241 on February 4, 2014.  *See Reeves v. Owens*, 5:14-cv-048-WLS. Service was ordered by the Magistrate Judge shortly thereafter, and the respondent was directed to file a responsive pleading.  *Id*.  A motion to dismiss was then filed on May 12, 2014; Petitioner filed a response on July 10, 2014 (after being granted a twenty-day extension); and the time for filing a reply expired on July 31, 2014. *Id.*  The motion to dismiss had thus been ripe for review for less than 60 days at the time this mandamus action was filed.